UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY DIEHLMAN,

        Plaintiff,                              Hon. Ellen S. Carmody

v.

                                            Case No. 1:14-cv-1189

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On February 18, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #19).

        Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 41 years of age on his alleged disability onset date. (Tr. 103). He successfully completed high school and worked previously as a landscape laborer, forklift operator, assembler/welder, and production machine tender/welder. (Tr. 18-19). Plaintiff applied for benefits on December 21, 2011, alleging that he had been disabled since June 17, 2009, due to osteoarthritis, degenerative disc disease, and back/neck disc problems. (Tr. 103-09, 135). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 50-102). On April 4, 2013, Plaintiff appeared before ALJ Thomas Walters with testimony being offered by Plaintiff and a vocational expert. (Tr. 24-48). In a written decision dated August 9, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 12-20). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) degenerative disc disease, cervical and lumbar spine; (2) mild carpal tunnel syndrome; and (3) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 14-16). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work[2] subject to the following limitations: (1) he cannot perform prolonged walking beyond one city block at one time; (2) he cannot perform overhead reaching or lifting; and (3) he is limited to unskilled work. (Tr. 16).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of

---

[2] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the lower peninsula of the state of Michigan approximately 46,000 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 42-44). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.         **Plaintiff is Not Entitled to a Sentence Six Remand**

Plaintiff asserts a single issue on appeal - that this matter should be remanded pursuant to Sentence Six of 42 U.S.C. § 405(g) for the consideration of evidence which Plaintiff failed to present to the ALJ. (Dkt. #7). Plaintiff has submitted to this Court the results of MRI examinations performed subsequent to the ALJ's unfavorable decision in this matter. (Dkt. #8). This additional evidence consists of two distinct items: (1) MRI results dated August 20, 2013, and October 10, 2013; and (2) MRI results dated August 21, 2012. (Dkt. #8 at Page ID#28-33; Dkt. #9 at Page ID#38).

This Court is precluded from considering this evidence. *See Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). If Plaintiff can demonstrate, however, that the evidence in question is new and material, and that good cause existed for not presenting it to the ALJ, the Court can remand the case for further

proceedings during which this new evidence can be considered. *See, e.g., Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

With respect to the August 21, 2012 MRI results, Plaintiff's argument fails because the evidence in question was in existence long before the ALJ rendered his decision and, therefore, cannot qualify as "new" evidence for purposes of a sentence six remand. *See Templeton v. Commissioner of Social Security*, 215 Fed. Appx. 458, 463 (6th Cir., Feb. 8, 2007) ("evidence is new only if it was not in existence or was not available prior to the ALJ's decision").

As for the MRI results obtained subsequent to the ALJ's decision, Plaintiff cannot establish the requisite good cause. To satisfy the good cause requirement, Plaintiff must demonstrate good cause for his failure to obtain the evidence in question prior to the administrative hearing. *See, e.g., Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("a claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ"); *Homrich v. Commissioner of Social Security*, 2014 WL 4748694 at *6 (W.D. Mich., Sept. 23, 2014) (same). Plaintiff offers no argument why he could not obtain prior to the administrative hearing an MRI indicating the alleged deterioration in his lumbar and cervical spine. Instead, Plaintiff's argument is premised on his alleged inability to procure the results of the MRIs in question to timely present to the Appeals Council. This argument is beside the point as the relevant question is whether there exists good cause for Plaintiff's failure to obtain

the evidence in question prior to the administrative hearing. On this question, Plaintiff has failed to satisfy his burden.

Even if Plaintiff could establish the requisite good cause, the result is the same as Plaintiff cannot establish that the evidence in question is material. While the MRIs procured in August and October 2013 perhaps support the argument that Plaintiff's condition subsequently worsened, this evidence does not reveal that Plaintiff's condition limits him to an extent beyond that recognized by the ALJ. Moreover, to the extent that Plaintiff's condition deteriorated subsequent to the ALJ's decision, such may form the basis for a new claim for benefits, but such does not call into question the ALJ's decision concerning Plaintiff's impairments and limitations as of the date of his decision. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that Plaintiff is not entitled to a sentence six remand in this matter. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date: October 8, 2015                              /s/ Ellen S. Carmody
                                                   ELLEN S. CARMODY
                                                   United States Magistrate Judge